UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW DAVID COAD,

Defendant.

No. 1:26-CR-32

Hon. ROBERT J. JONKER
U.S. District Judge

# PLEA AGREEMENT

This constitutes the plea agreement between Matthew David Coad and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. Defendant Agrees to Plead Guilty. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

2. Defendant Understands the Crime. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(2)(A), the following must be true:

a. Defendant knowingly received or distributed any child pornography;

b. Defendant knew that the material was child pornography; and

c. The child pornography was received or distributed using any means or facility of interstate or foreign commerce.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. Defendant Understands the Penalty. The statutory minimum and maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), with a prior conviction for sexual abuse or abusive conduct involving a minor, is the following:

Imprisonment: no less than 15 and up to 40 years
Fine: $250,000
Supervised Release: 5 years to life
Special assessment: $100
Additional Special Assessments: $5,000 and up to $35,000
Other: Sex Offender Registration

4. Enhanced Mandatory Minimum Sentence. The statutory mandatory minimum and maximum sentence that the Court must typically impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is no less than 5 years and up to 20 years in prison. However, as Defendant admits in paragraph 8 below, he has a prior conviction for sexual abuse of a minor and therefore he faces a mandatory minimum of 15 years' imprisonment and a maximum possible sentence of 40 years'.

5. Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a. Assessment. Defendant agrees to pay the special assessment[s] on the day of sentencing.

b. Restitution. Defendant understands that the Court will order restitution as authorized by law for the count of conviction. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant agrees that the restitution order is not restricted to the victims or conduct alleged in the count to which Defendant is pleading guilty and includes all

losses and victims of dismissed counts and other uncharged exploitation offenses discovered during the investigation of the offense of conviction. Defendant agrees that the Court shall use 18 U.S.C. § 2259 when calculating restitution for victims of dismissed counts or uncharged conduct. The amount of restitution is currently unknown and will be determined by the Court at sentencing.

c. Financial Cooperation. Defendant also:

i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

6. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more

of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Asset Forfeiture and Financial Accountability. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Specifically, Defendant agrees to forfeit to the United States a Samsung Galaxy S10E (IMEI 354773100273), which constitutes real or personal property used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property as charged in Count 1 of the Indictment. Defendant admits that the Samsung Galaxy S10E (IMEI 354773100273) is subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the Samsung Galaxy S10E (IMEI 354773100273) at or before the time of sentencing.

8. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On April 1, 2025, while in Kent County in the Western District of Michigan, Defendant created an anonymous account on the dating app Sniffies. He connected with another user on the App and sent the user two photographs of child pornography. Both photographs depicted sexually explicit images of a prepubescent male body, for example, one image was of an adult male anally penetrating a prepubescent boy. Defendant sent the images via Sniffies. Sniffies operates over the internet and cell phone networks, both of which are means and facilities of interstate commerce. By his guilty plea, Defendant admits that the nude images of the minor victims are lascivious depictions.

Defendant also admits that he has a prior conviction for Criminal Sexual Conduct 2nd in Macomb County in 2015 (Case number 2015-2578-FH). He admits that this offense qualifies as a "prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." He is therefore subject to the enhanced penalties described in paragraph 4, above.

9. Dismissal of Other Count. The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Indictment against Defendant. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any variance from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward variance is, in fact, warranted.

10. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an

additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. There is No Agreement About the Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and variances.

13. Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

15. FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

17. This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This

agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. Consequences of Breach. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

19. This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

20. Sex Offender Registration. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works,

and attends school. Defendant understands that failure to register may subject him to prosecution.

TIMOTHY VERHEY
United States Attorney

6/18/2026
Date

CONSTANCE TURNBULL
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

6-18-26
Date

MATTHEW DAVID COAD
Defendant

I am Matthew David Coad's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

06/18/2026
Date

JAMES S. FISHER
Attorney for Defendant